IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH KAY MERCADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1940-K-BN |
| | § | |
| MIDLAND MORTGAGE, A DIVISION OF MIDFIRST BANK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Midland Mortgage, a Division of MidFirst Bank, ("MidFirst") has filed a motion for summary judgment. *See* Dkt. Nos. 17 & 18. Plaintiff Deborah Kay Mercado has not filed a response.

For the following reasons, the Court GRANTS MidFirst's motion for summary judgment.

### Background

On July 27, 1998 Plaintiff Deborah Kay Mercado executed a Note in the amount of $74,949 made payable to FT Mortgage Companies d/b/a Sunbelt National Mortgage, for a loan to purchase real property located at 5718 Ridgecove Drive, Garland, Texas 75043 (the "Property"). *See* Dkt. No. 18 at 22. On that same date, Ms. Mercado executed a Deed of Trust, which granted a security interest in the Property to secure repayment of the Note.

Ms. Mercado was originally required to make payments in the amount of $498.64 per month on the Note, beginning on September 1, 1998, and continuing until the

1

Note was paid in full. *See* Dkt. No. 18 at 22-23. On July 14, 2009, Ms. Mercado entered into her first loan modification agreement, *see id.* at 29-47, and, on September 2, 2011, she entered into her second loan modification agreement, *see id.* Under the 2011 loan modification agreement, Ms. Mercado is obligated to make monthly payments of $640.38. The 2011 loan modification agreement provides for a maturity date of 2041.

The modified loan agreement provides that Ms. Mercado will default on the underlying loan if she does not pay the full amount of each payment on the date each payment is due.

In the event of default, the Note permits for the acceleration of the maturity date of the Note whereby the remaining unpaid balance of the loan becomes immediately due and payable in full. Under the Deed of Trust, the Property may be foreclosed upon and sold in order to pay the remaining amount of the loan.

On December 1, 2018, Ms. Mercado defaulted on the Note. And, because she failed to cure her default, the debt was accelerated. MidFirst made arrangements to foreclose on and sell the Property.

But, according to Ms. Mercado, she has always made timely payments on the loan. *See* Dkt. No. 1-1 at 8. She claims that MidFirst failed to record her payments on time and improperly deemed them late so that it could charge Ms. Mercado late fees and interest.

Ms. Mercado filed this action in the 191st District Court of Dallas County, Texas. *See* Dkt. No. 1-1. Ms. Mercado's complaint alleges breach of contract and

violations of the Truth in Lending Act ("TILA") and Regulation Z against MidFirst. *See id.*

The essence of Ms. Mercado's breach of contract claim is that MidFirst breached the loan agreement when it allegedly failed to timely record Ms. Mercado's payments. *Id* at 9. Ms. Mercado also claims that MidFirst's failure to truthfully record her payments is a violation of TILA and Regulation Z. *See id.*

In Ms. Mercado's complaint, she asserts that she tried to resolve the payment issue by contacting MidFirst by phone and mail. *See id.* at 9. Ms. Mercado claims that, "[a]fter years of attempting to resolve the issue, Defendant still did not correct payments or late fees." *Id.* at 9.

MidFirst removed this case to federal court based on this Court's diversity jurisdiction. *See* Dkt. No. 1.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of

the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511;

*Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor,* 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to

summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002)

**Analysis**

I.   Breach of Contract

MidFirst argues that, because Ms. Mercado has breached her obligations under the Note and Deed of Trust, she is precluded from asserting a breach of contract claim against MidFirst.

MidFirst asserts that, by failing to answer the Requests for Admissions that were propounded on her, Ms. Mercado has judicially admitted to facts that undermine her claim for breach of contract. For example, MidFirst argues that Ms. Mercado has judicially admitted that she was behind on payments on the loan, that she defaulted on the loan, and that she has failed to cure her default. *See* Dkt. No. 18 at 10. MidFirst further argues that Ms. Mercado judicially admitted that she has not been damaged by MidFirst and that she has no evidence that MidFirst breached the Deed of Trust. *See id.*

More fundamentally, Ms. Mercado's payment history shows that the last payment she made on the loan was in November 2018. *See* Dkt. No. 18 at 72-95. There is no evidence in the record that shows payments were made after that date.

7

Furthermore, MidFirst argues that, because Ms. Mercado is still in possession of the Property, she has not suffered any damages as a result of the alleged breach. *See id.* at 10.

The elements of a breach of contract claim under Texas law are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007).

MidFirst argues that Ms. Mercado fails to establish damages. Damages are an essential element to a breach of contract claim. *See Smith Int'l, Inc.,* 490 F.3d at 387. In Ms. Mercado's complaint, she alleges damages based on a pending foreclosure. *See* Dkt. No. 1-1 at 9-10. But potential foreclosure is an insufficient basis for compensatory damages. *See Marquez v. Fed. Natl Mortgage Ass'n,* No. 3:10-cv-2040-L, 2011 WL 3714623, at *6 (N.D. Tex. Aug. 23, 2011) (citing *Peterson v. Black,* 980 S.W.2d 818, 823 (Tex. App. -- San Antonio 1998, no pet.)) (holding "where a mortgagor's possession is undisturbed, he has suffered no compensable damage.").

Accordingly, Ms. Mercado has not established any genuine issue of material fact as to whether she suffered damages sufficient to establish a breach of contract claim. *Accord Stoker v. Select Portfolio Servicing, Inc.*, No. 3:19-cv-909-N-BT, 2020 WL 1427036, at *4 (N.D. Tex. Mar. 5, 2020); *Lowe v. ViewPoint Bank*, No. 3:12-cv-1725-G (BH), 2015 WL 3939357, at *5 (N.D. Tex. June 26, 2015).

II. TILA and Regulation Z

MidFirst also argues that Ms. Mercado's claim for violation of the Truth in Lending Act ("TILA") and Regulation Z should be dismissed. *See* Dkt. No. 18 at 19.

In Ms. Mercado's complaint, she alleges that she timely made payments but that MidFirst did not accurately record those payments so that Ms. Mercado's payments would be considered "late." *See* Dkt. No. 1-1 at 9. Ms. Mercado alleges that MidFirst's alleged failure to timely record the payments is a violation of TILA and Regulation Z. *See id.* But Ms. Mercado does not identify which payments between 2011 and 2018 were not properly recorded.

MidFirst argues that Plaintiff's claim lacks the specific information required to satisfy the heightened pleading that Federal Rule of Civil Procedure 9(b) requires. *See* Dkt. No. 18 at 19.

MidFirst also argues that Ms. Mercado's claim fails with respect to any payment that was allegedly inaccurately recorded prior to August 5, 2018. *See id.* MidFirst points out that claims under TILA are subject to a one-year statute of limitations.

Finally, MidFirst argues that it is not subject to TILA in its capacity as a loan servicer. *See id* at 19-20. According to MidFirst, it is not a creditor as defined by TILA because it is not the originating lender and the Note was not initially payable to it. *See id.*

MidFirst correctly asserts that a portion of Ms. Mercado's TILA claim is barred by the statute of limitations to the extent that her claim is for payments incorrectly recorded before August 5, 2018 (one year prior to the date of filing this lawsuit). TILA

establishes a one-year statute of limitations for an alleged violation that begins to run at the occurrence of the violation. *See* 15 U.S.C. § 1640(e) (mandating that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation"); *Moor v. Travelers Ins. Co.,* 784 F.2d 632, 633 (5th Cir.1986) ("The violation occurs when the transaction is consummated." (citation and internal quotation marks omitted). Accordingly, any claim Ms. Mercado alleges she has against MidFirst for payments made before August 4, 2018 is time-barred.

The Court need not address whether Ms. Mercado has sufficiently pled allegations under TILA, because as a loan servicer, MidFirst is not subject to TILA as a matter of law. *See Anderson v. Wells Fargo Bank, N.A.*, No. 3:16-cv-2514-N, 2018 WL 3426269, at *12 (N.D. Tex. July 13, 2018). And MidFirst is not liable under the TILA as a creditor either. TILA provides that

> [t]he term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) *is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness* or, if there is no such evidence of indebtedness, by agreement….

*Id.* (quoting 15 U.S.C. § 1602(g)). The record evidence shows that the Note at issue in this case was originally made payable to FT Mortgage Companies d/b/a Sunbelt National Mortgage. MidFirst is not a "creditor" as defined in TILA because it is not the originating lender and the Note was not initially payable to it.

Because MidFirst is not subject to TILA liability as a servicer or creditor of the Loan, the Court grants MidFirst's motion for summary judgment on the Ms. Mercado's TILA and Regulation Z claim.

## Conclusion

For the reasons explained, the Court GRANTS MidFirst's Motion for Summary Judgment [Dkt. Nos. 17 &18] and dismisses this action with prejudice by judgment filed today.

SO ORDERED.

DATED: May 11, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

11